IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Janice A. Piencak, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No.   14 C 3232 |
| Client Services, Inc., a Missouri corporation, | ) ) ) | |
| Defendant. | ) ) | <u>Jury Demanded</u> |

**COMPLAINT -- CLASS ACTION**

Plaintiff, Janice A. Piencak, individually and on behalf of all others similarly situated, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a declaration that the Defendant's debt collection actions violated the FDCPA, and to recover damages, and alleges:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) the acts and transactions occurred here; b) Plaintiff resides here; and c) Defendant resides and transacts business here.

**PARTIES**

3. Plaintiff, Janice A. Piencak ("Piencak"), is a citizen of the State of Illinois, residing in the Northern District of Illinois, from whom Defendant attempted to collect a delinquent consumer debt allegedly owed for a Discover Bank account.

4. Defendant, Client Services, Inc. ("Client Services"), is a Missouri corporation, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts, including delinquent consumer debts in the Northern District of Illinois. Defendant Client Services operates a nationwide delinquent debt collection business and attempts to collect debts from consumers in the State of Illinois. In fact, Defendant Client Services was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Ms. Piencak.

5. Defendant Client Services is authorized to conduct business in the State of Illinois and maintains a registered agent within the State of Illinois, see, record from the Illinois Secretary of State, attached as Exhibit A. In fact, Client Services conducts business in Illinois.

6. Defendant Client Services is licensed as a debt collection agency in the State of Illinois, see, record from the Illinois Department of Financial and Professional Regulation, attached as Exhibit B. In fact, Defendant Client Services acts as a collection agency in Illinois.

**FACTUAL ALLEGATIONS**

7. Ms. Piencak experienced financial difficulties and fell behind on paying her bills, including a debt she allegedly owed for a Discover Bank ("Discover") account. After that debt had become delinquent, Discover turned the account over to Client Services, for collection.

8. Specifically, on February 5, 2014, Client Services sent Ms. Piencak a collection letter demanding payment of the delinquent Discover account, which stated

that the amount of the debt was $5,881.51, but which then went on to state:

\* \* \*

 Please be aware, as of the date of this letter, your total current balance due is $5,881.51. However, because of interest, late fees and other finance charges (if applicable to your account), your total balance due might be greater on the date you make a payment. If on the date of your payment, the total balance due on our account is greater than the amount shown above, an adjustment may be necessary after we receive payment. For further information, please contact us in writing or by calling 1-877-665-3302, a toll free telephone number.

\* \* \*

A copy of this collection letter is attached as Exhibit C. The language quoted above is from a safe harbor letter created by the Seventh Circuit in Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, and Clark, L.L.C., 214 F.3d 872, 876 (7th Cir. 2000), and is to be used by debt collectors only where interest and charges are continuing to accrue on an account.

 9. In fact, interest was not, and had not been, accruing on Ms. Piencak's Discovery account. Both Client Services, in 2013, and a subsequent debt collector Capital Management Services (CMS), had sent Ms. Piencak collection letters, dated April 15, 2013, May 16, 2013, September 15, 2013, and January 8, 2014, each of which stated that the amount of the debt was $5,881.51, see, letters attached as Group Exhibit D. In fact, Plaintiff is informed and believes that, as a matter of policy, the creditor ceased charging interest and other charges after the account became delinquent.

 10. All of Defendant's collection actions at issue complained of herein occurred within one year of the date of this Complaint.

 11. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, 27 F.3d 1254,

1257 (7th Cir. 1994).

### Violation Of § 1692e Of The FDCPA --
### False, Deceptive Or Misleading Statements

12.     Section 1692e of the FDCPA prohibits a debt collector from using any false, or any deceptive or misleading representation or means in connection with the collection of a debt, including the false representation of the character, amount or legal status of any debt, see, 15 U.S.C. § 1692e(2)(A).

13.     Defendant, by stating, in its February 5, 2014 collection letter (Exhibit C), that "because of interest, late fees and other finance charges (if applicable to your account), your total balance due might be greater on the date you make a payment", when, in fact, the debt had not been accruing any interest or charges, made a false statement, in violation of § 1692e of the FDCPA, see, Lox v. CDA, 689 F.3d 818 (7th Cir. 2012).

14.     This is a materially false statement that would lead any consumer to believe that they had to pay right away to avoid having the amount of the debt increase.

15.     Defendant's violation of § 1692e of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

### CLASS ALLEGATIONS

16.     Plaintiff, Janice Piencak, brings this action individually and as a class action on behalf of all persons similarly situated in the State of Illinois from whom Defendant attempted to collect a delinquent consumer debt, allegedly owed for a Discover Bank account, via the same form collection letter attached to the Complaint (Exhibit C), and as to which the account was not accruing interest or any additional charges, from one year before the date of this Complaint to the present.  This action

seeks a finding that Defendant's form letter violates the FDCPA, and asks that the Court award damages as authorized by § 1692k(a)(2) of the FDCPA.

17. Defendant regularly engages in debt collection, using the same form collection letters it sent Plaintiff Piencak, in its attempts to collect delinquent consumer debts from other persons.

18. The Class consists of more than 35 persons from whom Defendant attempted to collect delinquent consumer debts, by sending other consumers the same form collection letter they sent Plaintiff Piencak.

19. Plaintiff Piencak's claims are typical of the claims of the Class. Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

20. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendant has acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

21. Plaintiff Piencak will fairly and adequately protect and represent the interests of the Class. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action

complaint will not require extended contact with the members of the Class, because Defendant's conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiff Piencak has retained counsel experienced in class action litigation, including class actions brought under the FDCPA.

## PRAYER FOR RELIEF

Plaintiff, Janice A. Piencak, individually and on behalf of all others similarly situated, prays that this Court:

1. Certify this action as a class action;

2. Appoint Plaintiff Piencak as Class Representative of the Class, and her attorneys as Class Counsel;

3. Declare that Defendant's collection practices violate the FDCPA;

4. Enter judgment in favor of Plaintiff Piencak and against Defendant, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

5. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Janice A. Piencak, individually and on behalf of all others similarly situated, demands trial by jury.

>	Janice A. Piencak, individually and on behalf of all others similarly situated,
>
>	By: /s/ David J. Philipps
>	One of Plaintiff's Attorneys

Dated: May 2, 2014

David J. Philipps      (Ill. Bar No. 06196285)
Mary E. Philipps       (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angiekrobertson@aol.com